~AO 241
(Rev.12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

0 7 - 2 8 4

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted): Steven W. Krafchick | | Docket or Case No: |
| Place of Confinement : Delaware Correctional Center | Prisoner No.: 00178856 | |

| *Petitioner( include the name under which you were convicted)* | *Respondent (authorized person having custody of petitioner)* |
|---|---|
| STEVEN W. KRAFCHICK          v. | THOMAS L. CARROLL (Warden) |

The Attorney General of the State of Mr. Joseph R. Biden, III

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Delaware Superior Court, 500 King Street, Wilmington, Delaware 19801

    (b) Criminal docket or case number (if you know): #0101010946

2.  (a) Date of the judgment of conviction (if you know): 2/13/2006

    (b) Date of sentencing: 2/13/2006

3.  Length of sentence: 40 years level V incarceration & 6 months of level II probation.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Murder 2nd degree & Possession of a Deadly Weapon During the Commission of a Felony

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty           ☐ (4)  Insanity plea



FILED

MAY 2 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



BO scanned
IFP

~AO 241
(Rev.12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what

did you plead guilty to and what did you plead not guilty to?
Plead guilty to count's I-II, not guilty to count's III-X.

(c) If you went to trial, what kind of trial did you have? (Check one)

             ☒ Jury         ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

             ☐ Yes        ☒ No

8.    Did you appeal from the judgment of conviction?

             ☒ Yes        ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Del. Supreme Court, 55 The Green, Dover, DE 19901

(b) Docket or case number (if you know): 135, 2002

(c) Result:: Affirmed

(d) Date of result (if you know): 5/8/2002

(e) Citation to the case (if you know): (823 A.2d 491)

(f) Grounds raised: Trial court abused its discretion by imposing the maximum sentence without the benefit

    of ordering a presentence investigation report prior to imposing sentence which was outside the

    guidelines recommended by the Sentencing Acoutablity Commission and that of SENTAC.

(g) Did you seek further review by a higher state court?    ☐ Yes      ☒ No

If yes, answer the following:

        (1) Name of court: N/A

        (2) Docket or case number (if you know): N/A

        (3) Result: N/A

        (4) Date of result (if you know): N/A

~AO 241

(Rev. 12/04)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

 If yes, answer the following:

 (1) Docket or case number (if you know): N/A

 (2) Result: N/A

 (3) Date of result (if you know): N/A

 (4) Citation to the case (if you know): N/A

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11  If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court: Delaware Superior Court, 500 King Street, Wilm, DE 19801

   (2) Docket or case number (if you know): #0101010946

   (3) Date of filing (if you know): 5/7/2004

   (4) Nature of the proceeding: Postconviction Motion

   (5) Grounds raised: Grounds One, Two, Three, and Four dealt with violations of the

petitioner's Sixth Amendment Right to have effective assistance of counsel, to be informed of all charges which petitioner would have to defend against, the violutariness of the acceptance of the plea while petitioner was in a questionable state of mind, given the fact that, the petitioner was medicated on (psychotropic medications), violations of the petitioner's Fifth and Fourteenth Amendment Rights of due process, when counsel failed to introduce favorable mitigation on behalf of the petitioner, prosecutions misconduct when the State advocated from an exceptional and extreme sentence, the closed mind of the trial judge given the fact that he used given testimony from the State's presentation only to determine what he seen as the appropriate sentence, and failing to inform the accused of the trial court's rational for an extreme sentence outside of what is normally recommended in cases similar in nature and culpability of the accused.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☒ Yes  ☒ No

   (7) Result: Denied

   (8) Date of result (if you know): 3/8/2005

(b) If you filed any second petition, application, or motion, give the same information:

>    (1) Name of court: Delaware Supreme Court, 55 The Green, Dover, DE 19901
>
>    (2) Docket or case number (if you know): 124, 2005
>
>    (3) Date of filing (if you know): 4/1/2005
>
>    (4) Nature of the proceeding: Appeal
>
>    (5) Grounds raised: Ineffective assistance of counsel, trial court abuse of discretion by

failing to conduct a competency hearing once the court became aware by the defense counsel that petitioner was medicated under the influence of (psychotropic medications), and trial court error as a matter of law in considering facts that establish a more severe crime and punishment than that to which the petitioner plead guilty.

>    (6) Did you receive a hearing where evidence was given on your petition, application, or
>    motion?
>
>    ☐ Yes    ☒ No
>
>    (7) Result: Affirmed on ground I, grounds II-III were not considered by the Court as
>    part of that appeal..
>
>    (8) Date of result (if you know): 1/17/2006

(e) If you filed any third petition, application, or motion, give

>    the same information:
>
>    (1) Name of court: Delaware Superior Court, 500 King Street, Wilm, DE 19801
>
>    (2) Docket or case number (if you know): # 0101010946
>
>    (3) Date of filing (if you know): 3/16/2006
>
>    (4) Nature of the proceeding: Motion in succession for Postconviction
>
>    (5) Grounds raised: Trial court abused its discretion by failing to conduct a competency

hearing before the acceptance of the petitioner's guilty plea, upon being informed petitioner was in fact medicated, and trial court error as a matter of law in considering unproven facts that established a more severe crime and punishment then that to which the petitioner plead guilty.

(6) Did you receive a hearing where evidence was given on your petition,

   application, or motion?

☐ Yes        ☒ No

(7) Result: Denied

(8) Date of result (if you know): 9/20/2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

| (1) First petition: | ☒Yes | ☐ No |
| (2) Second petition: | ☒Yes | ☐ No |
| (3) Third petition: | ☒Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
Appealed all decisions to the Delaware Supreme Court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Denial of effective assistance of counsel**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During critical stages of the petitioner's pre-trial, trial, plea colloquy, and sentencing, counsel committed errors that produced a failure to protect the petitioner's rights which amounted to ineffective assistance of counsel during critical stages of the proceedings, which denied the petitioner the right under constitutional provisions to have a fair trial as guaranteed and protected by the Untied States Constitution under the Fifth, Sixth, and the Fourteenth Amendment Rights. Counsel committed reversible errors by allowing the petitioner to enter into plea negotiations in a questionable mental state which was due to the petitioner being prescribed (psychotropic medications) which diminished the petitioner's ability to have a rational as well as a factual understanding of the procedures that he was involved in, and to have the mental state that is required by law to knowingly, voluntarily, and intelligently waive those rights.

(b) If you did not exhaust your state remedies on Ground One, explain why: Appealed all decisions to the Delaware Supreme Court.

~AO 241                                                                                                      Page 7
(Rev.12/04)

(c)    **Direct Appeal of Ground One:**
(1) if you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes ☒ No

(2) if you did not raise this issue in your direct appeal, explain why: Not afforded the right to raise

issue on direct appeal. Delaware law only allows claims other than ineffective

assistance of counsel to be raised in direct appeals. The argument of ineffective

assistance of counsel may only be presented in a postconviction motion in Delaware

courts.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
trial court?

☒Yes    ☐ No

(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Postconviction Motion

Name and location of the court where the motion or petition was filed: Delaware Superior Court,

500 King Street, Wilmington, Delaware 19801

Docket or case number (if you know): #0101010946

Date of the court's decision: 3/8/2005

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(3) Did you receive a hearing on your motion or petition?                                ☐Yes    ☒ No
(4) Did you appeal from the denial of your motion or petition?                           ☒Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal   ☒Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court,

55 The Green, Dover Delaware 19903

Docket or case number (if you know): 124, 2005

Date of the court's decision: 1/17/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed complaint with the Office of Disciplinary Counsel,

820 N. French Street, Wilmington, Delaware 19801

## GROUND TWO: Denials of effective assistance of counsel, prosecution misconduct, unbalance sentencing, and closed mind of trial judge during sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner was denied effective assistance of counsel during trial and sentencing proceedings, which allowed the prosecution to advocate for a longer sentence and a higher degree of punishment, sentencing judge then closed minded to any mitigation such as the lack of a criminal history, the emotional state of the accused during the commission of the crime, and the victims participation in provoking the Petitioner, sentence the Petitioner to an exacerbated amount of time of incarceration.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Exhasted in Delaware Court system.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Not afforded the right to raise issue on direct appeal. Delaware law only allows claims other than ineffective assistance of counsel to be raised in direct appeals. The argument of ineffective assistance of counsel may only be presented in a postconviction motion in Delaware courts.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Postconviction Motion

Name and location of the court where the motion or petition was filed: Delaware Superior Court,

500 King Street, Wilmington, Delaware 19801

Docket or case number (if you know): #0101010946

Date of the court's decision: 3/8/2005

Result (attach a copy of the court's opinion or order, if available): Copy attached.

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition | ☒ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☒ Yes | ☐ No |

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 124, 2005

Date of the court's decision: 1/17/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Filed complaint with the Office of Disciplinary Counsel,

820 N. French Street, Wilmington, Delaware 19801

**GROUND THREE:** Trial court abused its Discretion

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial court abused its discretion by not affording and failing to conduct a competency hearing before accepting Petitioner's guilty plea, upon being informed from Defense Counsel that Petitioner was under medication (psychotropic drugs) and under questionable mental state and did not have the mental capacity to understand or have intelligent thought and which potentially impairs the ability to waive crucial constitutional rights.

~AO 241
(Rev.12/04)

(b)    If you did not exhaust your state remedies on Ground Three, explain why? Exhasted in Delaware Court system.

(c)    **Direct Appeal of Ground Three:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☒ No

      (2) (f you did not raise this issue in your direct appeal, explain why: Counsel failed to present this claim on direct

appeal. Counsel failed to communicate with petitioner, therefore, precluding the possibilities of this ground being

fully adjudicated on its merits.

(d)    **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes        ☐ No

      (2) If your answer to Question (d) (1) is "Yes," state:

      Type of motion or petition: Postconvition Motion

      Name and location of the court where the motion or petition was filed: Delaware Superior Court,

      500 King Street, Wilmington, DE 19801

      Docket or case number (if you know): #0101010946

      Date of the court's decision: 9/20/2006

      Result (attach a copy of the court's opinion or order, if available): Copy attached.

      (3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☒ No

      (4) Did you appeal from the denial of your motion or petition?      ☒ Yes    ☐ No

      (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?      ☒ Yes    ☐ No

      (6) If your answer to Question (d) (4) is "Yes," state:

      Name and location of the court where the appeal was filed: Delaware Supreme Court,

      55 The Green, Dover Delaware 19901

      Docket or case number (if you know): 555, 2006

      Date of the court's decision: 4/26/2007

      Result (attach a copy of the court's opinion or order, if available): Copy attached.

~AO 241
(Rev.12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three: None

**GROUND FOUR:** Trial Court errored as a matter of law

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial court errored as a matter of law in considering facts that establish a more serious crime and punishment than that to which the petitioner plead guilty.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ground Four fully exhausted in the Delaware

Court's system.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue          ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed to present this claim on direct appeal. Counsel failed to communicate with the petitioner, therefore precluding the possibilities of this ground being raised on direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Motion.

~AO 241
(Rev.12/04)

Page 12

Name and location of the court where the motion or petition was filed: Delaware Superior Court,

500 King Street, Wilmington

Docket or case number (if you know): #0101010946

Date of the court's decision: 9/20/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(3) Did you receive a hearing on your motion or petition?                                     ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                           ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court,

55 The Green, Dover Delaware 19903

Docket or case number (if you know): 555, 2006

Date of the court's decision: 4/26/2007

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: None.

~AO 241
(Rev.12/04)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: All claims have been fully presented to the Delaware Supreme Court.

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available. N/A

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.Delaware Supreme Court, 55 The Green, Dover, DE 19901

Case No. 555, 2006

Type of motion: Appeal

Ground One: Trial Court abused its discretion by failing to conduct a competency hearing before accepting petitioner's guilty plea, upon being informed from defense counsel that petitioner was medicated under psychotropic drugs which impairs the ability to understand and which inhibits the mental ability to waive crucial constitutional rights.

Ground Two: Trial court errored as a matter of law in considering facts that establish a more serious crime punishment than that to which the petitioner plead guilty.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

| | |
|---|---|
| (a) At preliminary hearing: | Edward C. Pankowski |
| | 1211 King Street, Wilminton, DE 19801 |
| (b) At arraignment and plea: | Edward C. Pankowski & Kathryn Lunger |
| | 1211 King Street, Wilminton, DE 19801 |
| (c) At trial: | Edward C. Pankowski & Kathryn Lunger |
| | 1211 King Street, Wilminton, DE 19801 |
| (d) At sentencing: | Edward C. Pankowski & Kathryn Lunger |
| | 1211 King Street, Wilminton, DE 19801 |
| (e) On appeal: | Edward C. Pankowski & Kathryn Lunger |
| | 500 North King Street, Wilm, DE 19801 |
| (f) In any post-conviction proceeding: | Petitioner (Pro-se) |
| | 1181 Paddock Road, Smyrna, DE 19977 |

(f)    On appeal from any ruling against you in a post-conviction proceeding: Petitioner (Pro-se) 1181 Paddock Road, Smyrna, DE 19977

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petitioner's conviction and sentence became finalized on May 8, 2003, since then the petitioner has been diligently seeking post-conviction and other collateral review which stop the tolling to file under 28 § 2244 (D) (2) of the fedreral rules pertaining to the filing of a Habeas Corpus application .

~AO 241
(Rev.12/04)

---

\*    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

~AO 241
(Rev.12/04)

(2)         The time during which a properly filed application for State post-conviction or other collateral
            review with respect to the pertinent judgment or claim is pending shall not be counted
            toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:To have the petitioner's sentence and
convictions corrected and or set aside and vacated under the grounds that the petitioner's conviction
and sentence violates the Fifth, Sixth, and Fourteenth Amendment Rights of the United States
Constitution and therefore violates the laws of the United States. To have in addition a hearing held
before this Honorable Court so that the petitioner case can be fully reviewed in de novo and
or any other relief to which petitioner may be entitled.

_____(Pro-se)_____

                              Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition
for

Writ of Habeas Corpus was placed in the prison mailing system on May 21, 2007 (month, date, year).

Executed (signed) on May 21, 2007 (date).

_____

                              Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this
petition.

IN FORMA PAUPERIS DECLARATION

Attached

[insert appropriate court]

*****



823 A.2d 491                                                      Page 1

823 A.2d 491, 2003 WL 21054791 (Del.Supr.)
**(Cite as: 823 A.2d 491)**

Krafchick v. StateDel.Supr.,2003.(The decision of
the Court is referenced in the Atlantic Reporter in a
'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Steven KRAFCHICK, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 135,2002.**

Submitted May 6, 2003.
Decided May 8, 2003.

Court Below: Superior Court of the State of
Delaware in and for New Castle County, Cr. I.D.
No. 0101010946.

Before HOLLAND, BERGER and STEELE,
Justices.

### ORDER

**\*1** This 8th day of May, 2003, the Court, having
considered this matter on the briefs of the parties,
and having concluded that the same should be
affirmed on the basis of the trial court's Response to
Order of Remand dated February 28, 2003;

**\*1** NOW, THEREFORE, IT IS HEREBY
ORDERED that the judgment of the Superior Court
be, and the same hereby is

**\*1** AFFIRMED.

Del.Supr.,2003.
Krafchick v. State
823 A.2d 491, 2003 WL 21054791 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

$EX \cdot A$

Westlaw.

Not Reported in A.2d, 2005 WL 697940 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 1

State v. KrafchickDel.Super.,2005.Only the
Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Delaware.
STATE of Delaware,
v.
Steven W. KRAFCHICK, Defendant.
Submitted Nov. 15, 2004.
Decided March 8, 2005.

On the Defendant's Motion for Post-conviction
Relief.

Steven W. Krafchick, Smyrna, Delaware, for
Defendant.

*OPINION AND ORDER*

TOLIVER, J.
**\*1** Presently before the Court is the motion filed by
the Defendant, Steven W. Krafchick, seeking
post-conviction relief pursuant to Superior Court
Criminal Rule 61.

*FACTS AND PROCEDURAL POSTURE*

**\*1** On February 26, 2001, the Defendant was
indicted by the grand jury and charged with Murder
First Degree and related offenses arising out of the
death of his wife, Dawn Krafchick. There was no
dispute about the fact that both were employed at
the Manor Park Restaurant in New Castle,
Delaware, where Ms. Krafchick was stabbed to
death by the Defendant on January 15, 2001. Trial
began with jury selection on February 5, 2002 and
continued until February 13, 2002, when the
Defendant elected to enter a plea to Murder Second
Degree and Possession of a Deadly Weapon During
the Commission of a Felony.

**\*1** Following the entry of his pleas, the Defendant

asked the Court to order a pre-sentence
investigation prior to imposing the sentence. The
Court declined to do so, and over the objection of
the defense, the Court proceeded to impose
sentence. Specifically the Defendant was sentenced
to a total of forty years in prison followed by six
months of probation. Thirty of the forty years were
to be served as a period of mandatory incarceration.
FN1 The Defendant's motion to reduce or otherwise
modify the sentence imposed was denied by this
Court on May 24, 2002.

> FN1. The Sentencing Accountability
> Commission ("SENTAC") guidelines
> recommended ten years for the conviction
> of Murder Second Degree and two to five
> years on the PDWDCF conviction. *See*
> Del. Sent'g Accountability Comm.2002
> Benchbook 19-20. The recommendations
> were not binding on the Court. The
> minimum sentences to be served by statute
> were and are ten and two years
> respectively on those offenses. *See* 11 *Del.*
> *C.* §§ 635 & 4205(b)(2).

**\*1** The Defendant then lodged an appeal with the
Delaware Supreme Court. On December 16, 2002,
this case was remanded to allow this Court to set
forth with particularity the reasons for imposing a
sentence that exceeded the SENTAC guidelines. A
response to the order of remand was filed on
February 28, 2003. The Defendant's conviction and
sentence were affirmed by the Supreme Court on
May 29, 2003.

**\*1** The Defendant filed the instant motion on May
7, 2004 seeking to withdraw his pleas and
presumably proceed to trial once more.FN2 An
exchange of briefs and memoranda followed.
Having now had the opportunity to review those
submissions, that which follows is the Court's
response to the issues so presented.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. B

Not Reported in A.2d

Not Reported in A.2d, 2005 WL 697940 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

FN2. It appears Defendant is attempting to withdraw his guilty plea based upon the standard set forth in Superior Court Criminal Rule 32(d). Def. Mot., D.I. 58, at 2, 3. Defendant claims he should be allowed to withdraw his guilty plea for any "fair and just reason".Super. [Cite]. Crim. Rule 32(d). Rule 32(d) states that the standard of "fair and just reason" is only applicable to withdrawing a guilty plea before sentencing occurs. Defendant was sentenced in February of 2002, over three years ago. The only avenue available to defendant at this time is a post conviction motion under Rule 61. *See,* Super. [Cite].Crim. Rule 61(a)(1).

### DISCUSSION

*1 Before the Court can reach the merits of a motion for post-conviction relief, the movant must first overcome the substantial procedural bars contained in Superior Court Criminal Rule 61(I).[FN3] Under Rule 61(I)(1), post-conviction claims for relief must be brought within three years of the movant's conviction becoming final.[FN4] Further, any ground for relief not asserted in a prior post-conviction motion is thereafter barred unless consideration of the claim is necessary in the interest of justice.[FN5] Similarly, grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred, unless the movant demonstrates: (1) cause for the procedural default, and (2) prejudice from any violation of the movant's rights.[FN6] Any ground for relief that was formerly adjudicated in the proceedings leading to judgment of conviction or in a prior post-conviction proceeding is thereafter barred from consideration.[FN7]

FN3. *Flamer v. State,* 585 A.2d 736, 745 (Del.1990); *Younger v. State,* 580 A.2d 552, 554 (Del.1990); *Saunders v. State,* 1995 WL 24888, at *1 (Del.Supr.).

FN4. Super. Ct.Crim. R. 61(i)(1).

FN5. Super. Ct.Crim. R. 61(i)(2).

FN6. Super. Ct.Crim. R. 61(i)(3).

FN7. Super. [Cite].Crim. R. 61(I)(4).

*2 The procedural bars set forth in Rule 61(I)(1)-(4) may be lifted if the defendant establishes a colorable claim that there has been a "miscarriage of justice" under Rule 61(I)(5). A colorable claim of "miscarriage of justice" occurs when there is a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[FN8] This exception to the procedural bars is very narrow and is only applicable in very limited circumstances.[FN9] The defendant bears the burden of proving that he has been deprived of a " substantial constitutional right." [FN10] A claim of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, by its very nature, qualifies as just such an exception.[FN11]

FN8. Super. [Cite].Crim. R. 61(I)(5).

FN9. *Younger,* 580 A.2d at 555.

FN10. *Id.*

FN11. *Mason v. State,* 725 A.2d 442 (Del.1999); *State v. McRae,* 2002 WL 31815607, at *5 (Del.Super.[Cite].).

*2 Under the standard outlined in *Strickland v. Washington,*[FN12] two factors must be established in order to prevail on a claim of ineffective assistance of counsel. First, the Defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Second, he or she must show that counsel's actions were prejudicial to the defense, creating a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.[FN13] The *Strickland* standard is highly demanding and under the first prong of the test, there is a "strong presumption that the representation was professionally reasonable." [FN14] The Defendant must also "[o]vercome the presumption that, under the circumstances, the challenged action might be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                      Page 3

Not Reported in A.2d, 2005 WL 697940 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

considered sound trial strategy." [FN15]

> FN12. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984).
>
> FN13. *Id.* at 694.
>
> FN14. *Stone v. State,* 690 A.2d 924, 925 (Del.1996); *Flamer,* 585 A.2d at 753.
>
> FN15. *Strickland,* 466 U.S. at 689.

**\*2** In the instant case, the Defendant's motion was filed well within the statutorily prescribed time period. This is also the first post-conviction relief sought by the Defendant and therefore raises no issues from a prior adjudication or motion. The Court must therefore proceed to examine the merits of the Defendant's claims, all of which appear to allege ineffective assistance of counsel. Unfortunately for the Defendant, they are all without merit.

**\*2** The Defendant raises three primary arguments in his motion relating to ineffective assistance of counsel. First, he alleges that due to ineffectiveness of his attorney, he was coerced and acted under duress at the time he entered his guilty plea. As a result, the plea was not entered knowingly and voluntarily. Second, the Defendant contends his attorney failed to investigate his case and develop mitigating evidence to support the contention that he acted under extreme emotional distress. Third, the Defendant alleges that defense counsel allowed the Court to enter a disproportionate sentence and therefore was ineffective. As a result of those transgressions, individually and collectively, the plea was not knowingly and voluntarily entered.

**\*2** Defendant's first claim of ineffective assistance of counsel is without factual support in the record. While the Defendant argues his counsel did not communicate with him throughout the plea negotiations, it appears that the Defendant's attorney fully informed the Defendant of all negotiations with the State regarding the plea agreement and their implications. In fact, the Defendant's attorney asserts that is was the Defendant who asked counsel

to approach the State about the possibility of a plea bargain. The Defendant's attorney also contends that the Defendant spoke with his family and was given the opportunity to "sleep on it" the night before making the final decision regarding his guilty pleas. The Defendant has not denied these assertions or offered any evidence to the contrary.

**\*3** Before the Defendant entered his pleas, he and the Court engaged in a colloquy.[FN16] The following portion of that exchange is particularly helpful in addressing the Defendant's argument in this regard:

> FN16. The plea colloquy was conducted pursuant to Super [Cite]. Crim Rule. 11.

**\*3** THE COURT: ... Do you understand that you had a right, and you're giving up by pleading guilty; you will not have a trial and you waive or give up your constitutional right to be presumed innocent, to a speedy and public trial, to a trial by jury, to hear and question the witnesses against you, to present evidence in your defense, to testify or not to testify, and to appeal to a higher court? Do you understand that?
**\*3** THE DEFENDANT: Yes Sir.

**\*3** THE COURT: Sir, do you have any questions regarding either document or any other aspect of this matter?
**\*3** THE DEFENDANT: No, Your Honor.
**\*3** THE COURT: Is anybody forcing you to do this, sir?
**\*3** THE DEFENDANT: No, sir
**\*3** THE COURT: Are you doing this of your own free will?
**\*3** THE DEFENDANT: Yes, sir.
**\*3** THE COURT: Have you fully discussed this matter with your attorneys and are you satisfied with their representation?
**\*3** THE DEFENDANT: Yes, sir.
**\*3** THE COURT: And, again, do you have any questions for the Court regarding any aspect of this matter?
**\*3** THE DEFENDANT: Just have mercy on me, sir.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 4

Not Reported in A.2d, 2005 WL 697940 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**\*3** THE COURT: Do you understand the consequences of what you are doing?

**\*3** THE DEFENDANT: Yes, sir.

**\*3** THE COURT: Now, Mr. Krafchick, I'm going-in terms of a plea itself, I know you discussed it with your attorneys and I know, indeed, according to Mr. Pankowski, you proposed it or at one point had considered it previously. And I believe your plea is a knowing and intelligent and voluntary one, given the circumstances, and I do so accept the same.... FN17

FN17. Plea Tr., at 6-8.

**\*3** The Defendant argues that he would have answered differently but did not understand the colloquy because of the ineffective assistance he received from his attorney. The Defendant is nevertheless bound by his statements unless he offers evidence which would invalidate the same. FN18 Because the Defendant is again unable to direct the Court's attention to any such evidence in the record, he can not escape the effect of the representations he made to the Court. Nor has he been able to explain exactly how and/or why he was confused.

FN18. *Bruno v. State,* 758 A.2d 933 (Del.2000); *Fullman v. State,* 560 A.2d 490 (Del.1989).

**\*3** In light of these circumstances, the Court must conclude that the Defendant's attorneys acted reasonably under the circumstances and that the result would not have been different if counsel's performance was deemed to have been somehow deficient. The Court finds that the plea was knowingly and voluntarily entered. They were not the product of coercion or anything other than the exercise of free will by the Defendant.

**\*3** The Defendant's second challenge involves the claim that his psychological health was not properly investigated by counsel and presented at trial. The Defendant contends that if he had continued with his trial and called the appropriate witnesses,

including himself, the jury would have been convinced of his "extreme emotional distress." That contention is simply not persuasive.

**\*4** The witnesses were not called because the Defendant entered a plea prior to the presentation of any defense in his case. What the Defendant would or could have put before the jury at this point is at best conjecture and is not supported by the record. He elected not to proceed and must live with that choice.

**\*4** In addition, defense counsel retained two psychological experts, Dr. Mandel Much and Dr. Carole Tavani. The prosecution hired its own expert, Dr. David Raskin. All were hired to evaluate the defendant's psychological status as it pertained to the commission of Ms. Krafchick's homicide. These evaluations were thoroughly reviewed by both sides along with the Court as noted in the Court's response to order of remand.FN19 The defense concluded that the testimony anticipated by its experts might not carry the day on that issue and rather than risk a conviction, the Defendant opted to enter the plea to a lesser charge.

FN19. Resp. to Order of Remand, at 5, J. Toliver (Feb.2003).

**\*4** Again, given this context, the Court cannot conclude that this representation offered by defense counsel was inadequate or professionally deficient. The Defendant has failed to establish that but for counsel's advice the outcome would have been different. Lastly, there is no basis to conclude that the Defendants plea was not voluntarily or freely entered based upon the failure to use the above mentioned psychological evidence differently.

**\*4** Defendant's third argument attacks the overall effectiveness of his counsel. It is at this point that he contends, relying on *Blakely v. Washington,* FN20 that because he was sentenced outside of guidelines provided by SENTAC, his sentence was illegal. He places the blame for that transgression on his attorney and asks that his sentence be vacated as a result.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 5

Not Reported in A.2d, 2005 WL 697940 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

FN20. 124 S. [Cite]. 2531 (2004)

**\*4** It is well-settled Delaware law that a sentence within the statutory limits prescribed by the General Assembly does not give rise to a legal or constitutional right of appeal.[FN21] Moreover, and as noted above, the fact that the Defendant was sentenced outside of SENTAC guidelines was specifically addressed by the Delaware Supreme Court in its order of remand to which this Court responded. The Supreme Court found no error when it affirmed the Defendant's conviction and sentence. Furthermore, unlike the Washington State guidelines at issue in *Blakely,* the sentencing standards established by SENTAC are non-biding and voluntary.[FN22] Consequently, the decision in *Blakely* has no effect on the present case.[FN23]

> FN21. *Mayes v. State,* 604 A.2d 839, 845 (Del.1992); *Gaines v. State,* 571 A.2d 765, 766-67 (Del.1990).

> FN22. *Benge v. State,* 826 A.2d 385, (Del.2004); *Walls v. State,* 2005 WL 277916 (Del.).

> FN23. *See, Blakely,* 124 S. [Cite]. 2531.

**\*4** To the extent that the Defendant claims that the Court's sentence was illegal or that defense counsel's representative contributed to the alleged miscarriage of justice, he is simply incorrect. Defense counsel asked that sentencing be postponed and a pre-sentence investigation be conducted. The Court declined to do so for reasons clearly stated on the record. Counsel argued for the minimum sentence allowed but was not able to persuade the Court to adopt his argument. There was nothing more that could have been done.

**\*5** As the Court has concluded with regard to the Defendant's other arguments, the Defendant has not met the standard pronounced in *Strickland* relative to this argument. The Defendant has not shown how defense counsel's representation fell below an objective standard of reasonableness in anything other than vague and conclusory statements. He is not, as a consequence, able to overcome the strong presumption that counsel's actions were proper. Even if the Defendant could have proven that defense counsel's actions were lacking, he has offered no credible evidence that the outcome of the trial would have been different if counsel had acted differently.

**\*5** No matter how the Defendant's challenges to his conviction and sentence are viewed, whether separately or together, he is not entitled to the relief sought. His right to counsel was not abridged and his treatment during the course of the instant prosecution was not otherwise subject to sanction.

### CONCLUSION

**\*5** For the foregoing reasons, the Defendant's motion for post-conviction relief must be, and hereby is, denied.

**\*5 IT IS SO ORDERED.**

Del.Super.,2005.
State v. Krafchick
Not Reported in A.2d, 2005 WL 697940 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



892 A.2d 1084

892 A.2d 1084, 2006 WL 141044 (Del.Supr.)
**(Cite as: 892 A.2d 1084)**

Briefs and Other Related Documents
Krafchick v. StateDel.Supr.,2006.(The decision of
the Court is referenced in the Atlantic Reporter in a
'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Steven W. KRAFCHICK, Defendant
Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 124,2005.**

Submitted Nov. 4, 2005.
Decided Jan. 17, 2006.
Reargument Denied Jan. 31, 2006.

Court Below-Superior Court of the State of
Delaware in and for New Castle County, Cr. ID No.
0101010946.

Before STEELE, Chief Justice, BERGER and
JACOBS, Justices.

### ORDER

**\*1** This 17th day of January 2006, upon
consideration of the briefs of the parties and the
record below, it appears to the Court that the
judgment of the Superior Court with respect to the
appellant's ineffective assistance of counsel claims
should be affirmed of and for the reasons set forth in its decision dated March 8,
2005. The appellant's additional claims of error and
abuse of discretion on the part of the trial court
were not presented to the Superior Court in the first
instance and, therefore, will not be considered in
this appeal.[FN1]

FN1. Supr. Ct. R. 8.

**\*1** NOW, THEREFORE, IT IS ORDERED that the
judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Krafchick v. State
892 A.2d 1084, 2006 WL 141044 (Del.Supr.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3074859 (Appellate Brief) Appellant's
Reply Brief (Sep. 20, 2005) Original Image of this
Document (PDF)
• 2005 WL 2312613 (Appellate Brief) State's
Answering Brief (Aug. 24, 2005) Original Image of
this Document with Appendix (PDF)
• 2005 WL 2397174 (Appellate Brief) Appellant's
Opening Brief (Jul. 22, 2005) Original Image of this
Document with Appendix (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. C

SUPERIOR COURT
OF THE
STATE OF DELAWARE

CHARLES H. TOLIVER, IV
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0657

September20, 2006

Mr. Steven W. Krafchick
SBI# 00178856
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Re:    *State v. Steven W. Krafchick***
**(I.D. No.: 0101010946)**
**Cr. A. No.: PN01-01-2351R2 and  IN01-01-2352R2** . _

Dear Mr. Krafchick:

You filed the instant Rule 61 Motion for Postconviction Relief, on March 22, 2006. Like your first such motion filed March 8, 2005, this motion was based on the forty year prison sentence you received for Murder Second Degree and Possession of a Deadly Weapon During the Commission of a Felony. That which follows is the Court's response to the issues so presented.

First, you contend that the Court, after receiving information that you were under the influence of medications, i.e., Sinequan and Vistaril, abused its discretion by failing to conduct a competency hearing before accepting your guilty plea. Second, you maintain that the Court violated your Fourteenth Amendment and Sixth Amendment rights when it considered during sentencing that the offenses committed were linked to domestic violence.

B10

Page Two
**Re:** ***State v. Steven W. Krafchick***
**(I.D. No.: 0101010946)**
**Cr. A. No.: PN01-01-2351R2 and IN01-01-2352R2**

In response, the State opposes your motion along three procedural lines.    First,
it is asserted that your motion is barred by Rule 61(i)(1) since it was filed more than one
year after your judgment of conviction was final.   Second, it is argued that repetitive
motions are generally barred since any grounds for relief not asserted in a prior proceeding
are barred by Rule (61)(i)(2).   Third, the State argues that Rule  61(i)(4) bars your motion
since the Court may not reexamine issues that have been previously adjudicated.  And the
State further contends that you have failed to show prejudice which in the interest of
justice should lift the procedural bars or present a colorable constitutional claim warranting
consideration because of a miscarriage of justice affecting the  proceedings leading to your
conviction.

As the Court has held on numerous occasions, a predicate to addressing the merits
of your contentions is an examination to determine whether any procedural bars exist. The
procedural bars set forth in Rule 61(i)(1)-(4) may only be lifted if there is a mechanism to
do so in the pertinent subsection of Rule 61.[1]   If there is no relief there, the "catchall"
provision of Rule 61(i)(5) can provide relief from procedural bars contained in Rule

---

[1]  A motion for postconviction relief filed after July 1,2005, may be filed no more than one year
after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly
recognized after the judgment is final, no more than three years after the right is first recognized by the
Supreme Court of Delaware or by the United State Supreme Court. Super. Ct. Crim. R. 61(i)(1).  Grounds
not presented in prior postconviction proceedings or formerly adjudicated claims are barred unless
consideration of the claim is warranted in the interest of justice. Super. Ct. Crim. R. 61(i)(2) & (4).
Likewise, any ground for relief not asserted in the proceedings leading to the judgement of conviction are
barred unless the movant shows cause for relief and prejudice. Super. Ct. Crim. R. 61(i)(3).

Page Three
**Re:**   ***State v. Steven W. Krafchick***
         **(I.D. No.: 0101010946)**
         **Cr. A. No.: PN01-01-2351R2 and IN01-01-2352R2**

61(i)(1)-(3).

To be specific, Rule 61(i)(5) provides that the aforementioned bars may be raised

where the defendant establishes a colorable claim that there has been a "miscarriage of

justice" under Rule 61(i)(5). A colorable claim of "miscarriage of justice" occurs when

there is a constitutional violation that undermines the fundamental legality, reliability,

integrity or fairness of the proceedings leading to the judgment of conviction.[2] This

exception to the procedural bars is very narrow and is only applicable in very limited

circumstances.[3] The defendant bears the burden of proving that he has been deprived of

a "substantial constitutional right."[4]

Unfortunately for you, the merits of your claims will not be reached by the Court.

In the first instance, you abandoned any rights you may have had in those regards when

you knowingly and voluntarily plead guilty to the charges then pending against you. A

legion of Delaware cases instruct that by pleading guilty, all alleged pretrial defects are

cured and any such claims are waived by the entry of a guilty plea.[5] Here, on February 13,

2002, after your trial started,  the Court accepted your plea after a lengthy colloquy

---

[2] Super. Ct. Crim. R. 61(i)(5).

[3] *Younger v. State,* 580 A.2d 552, 555 (Del. 1990).

[4] *Id.*

[5] *State v. Waters,* 2000 WL 305346 (Del. Super.); *Kennedy v. State,* 667 A.2d 1319 (Del. 1995); *State v. Moreno,* 2001 WL 112065 (Del. Super.); *State v. Foster,* 2001 WL 1628310 (Del. Super.), aff'd 791 A.2d 750 (Del. 2002); *State v. Ayers,* 802 A.2d 278 (Del. Super. Ct. 2002).

Page Four
**Re:** *State v. Steven W. Krafchick*
   **(I.D. No.: 0101010946)**
   **Cr. A. No.: PN01-01-2351R2 and IN01-01-2352R2**

between you and the Court. The Court was made aware of the issues surrounding your

mental health and reviewed the reports of at least two mental health professionals who

evaluated you. You were given an opportunity to discuss the plea with your defense

counsel and then you accepted the plea without hesitation. You also completed the Truth-

in-Sentencing Guilty Plea Form and the Plea Agreement Form, which acknowledge that you

understood the proceedings and knowingly and voluntarily waived any trial and/or

constitutional rights that might have applied.

Your motion is further barred for at least three others reasons.

First, a motion for postconviction relief filed after July 1, 2005, may be filed no more

than one year after the judgment of conviction is final or, if it asserts a retroactively

applicable right that is newly recognized after the judgment is final, no more than three

years after the right is first recognized by the Supreme Court of Delaware or by the United

State Supreme Court.[6]  Your plea was formerly entered on February 13, 2002.   You

subsequently filed this motion on March 22, 2006.  That filing occurred over three years

after your conviction thus, your motion is procedurally barred by Rule 61(i)(1).

Second, you filed a previous Rule 61 postconviction motion since your conviction

four years ago.  That motion was denied by this Court on March 8, 2005, and the decision

was affirmed by the Supreme Court on February 3, 2006.  Under Rule 61(i)(4), "any

---

[6] Super. Ct. Crim. R. 61(i)(1).

Page Five
**Re:** *State v. Steven W. Krafchick*
      **(I.D. No.: 0101010946)**
      **Cr. A. No.: PN01-01-2351R2 and IN01-01-2352R2**

ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, [or] in a postconviction proceeding . . . , is thereafter barred, unless reconsideration of the claim is warranted in the interests of justice."[7] Since the instant postconviction motion appears to raise issues that were previously denied on March 8, 2005, you are therefore barred from reasserting these claims. Nor have you provided any basis upon which this Court could conclude that it is in the interests of justice to revisit the issues you have raised.

Third, grounds not presented in proceedings below leading to the judgment of conviction or prior postconviction proceedings are barred unless consideration of the claim is warranted in the interest of justice.[8] As a result, the Court is prohibited by Rule 61(i)(2) from considering issues so proffered in your motion which are now being presented for the first time.

Having examined the record in light of your complaints, it is apparent that none of the circumstances leading up to and culminating in the entry of your plea suggest that there is sufficient cause or prejudice to warrant such relief, therefore, the exception contained in Rule 61(i)(3) is not applicable. Nor do I find that the Court's failure to conduct a competency hearing, or the fact that the Court considered during your sentencing that

---

[7] Super. Ct. Crim. R. 61(i)(4).

[8] Super. Ct. Crim. R. 61(i)(2) & (4).

B14

Page Six
**Re:   *State v. Steven W. Krafchick***
**(I.D. No.: 0101010946)**
**Cr. A. No.: PN01-01-2351R2 and IN01-01-2352R2**

your conduct constituted domestic violence, establishes a "colorable claim" sufficient to

show a "miscarriage of justice" as Rule 61(i)(5) demands. In fact, the Supreme Court

affirmed your conviction and sentence on May 29, 2003, after this Court stated its reasons

for your sentence with particularity. "The interests of justice" do not, as a result, require

further review of the claims you have asserted.

For all the reasons set forth above, the Court must conclude that your motion must

be, and hereby is, **denied**.

**IT IS SO ORDERED.**

Sincerely yours,

Charles H. Toliver, IV
Judge

CHT,IV/lat
oc:   Prothonotary
cc:   Maria T. Knoll, Esquire
Investigative Services

B 15

### IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STEVEN W. KRAFCHICK, | § |
| | § |
| Defendant Below- | § No. 555, 2006 |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § Cr. ID 0101010946 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: March 7, 2007
Decided:  April 26, 2007

Before **HOLLAND**, **BERGER**, and **JACOBS**, Justices.

### O R D E R

This   26 th day of April 2007, after careful consideration of appellant's opening brief and the State's motion to affirm, we find it manifest that the judgment of the Superior Court should be affirmed. Although the Superior Court wrongly concluded that appellant's second postconviction motion was untimely, the Superior Court did not err in its alternative conclusions that appellant's claims also were procedurally barred as being repetitive and formerly adjudicated, and appellant had failed to overcome these procedural hurdles.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN W. KRAFCHICK, | § | |
| | § | No. 555, 2006 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID. No. 0101010946 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 3, 2007
Decided: May 14, 2007

Before **HOLLAND, BERGER** and **STEELE**, Justices.

### O R D E R

This 14th day of May, 2007, the Court having carefully considered appellant's

Motion for Reargument of the Court's Order dated April 26, 2007, and it appearing that

the same should be denied;

NOW, THEREFORE, IT IS ORDERED that appellant's Motion for Reargument

be, and the same hereby is, DENIED.

BY THE COURT:

Carolyn Berger

Justice

## CERTIFICATE OF SERVICE

I, Steven W. Krafchick, hereby certify that I have served a true and correct cop(ies)

Of the attached Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and Application to Proceed

without Prepayment of Fees and Affidavit upon the following parties/person(s):


To:    Clerk of the District Court of Delaware
       J. Caleb Boggs Building
       844 King Street
       Locker Box 18
       Wilmington, DE 19801


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the

Delaware Correctional Center, Smyrna, DE 19977.


On this 21  day of May, 2007


                                   Steven W. Krafchick (Pro-se)
                                   SBI# 00178856
                                   Delaware Correctional Center
                                   1181 Paddock Road
                                   Smyrna, Delaware 19977
                                   Petitioner.

I/M: Steven W. Kirkpatrick (pro-se)

SBI# 00128656 _____ UNIT D/E

DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





Clerk of the District Court
J. Caleb Boggs Building
844 King Street/Locker Box #18
Wilmington, Delaware
19801

*Legal Mail