IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

STEVEN W. KRAFCHICK,
SBI#00178856
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware. 19977
Petitioner,

Civil Action. No. 07-284-GMS

IN THE UNITED STATES DISRICT COURT
DISTRICT DELAWARE

Vs.

THOMAS L. CARROLL (Warden)
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware. 19977
Respondent.

THIS IS A NON-CAPITAL CASE

---

28 § 2254 PETITION FOR

HABEAS CORPUS RELIEF



RECEIVED AUG 28 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Rev.12/04 AO 241                                                                                       Page2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: **Delaware** |
|---|---|
| Name (under which you were convicted): **Steven W. Krafchick** | Docket or Case No: **07-284-GMS** |
| Place of Confinement: **Delaware Correctional Center** | Prisoner No: **00178856** |

| Petitioner (including the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) |
|---|---|---|
| **STEVEN W. KRAFCHICK** | V. | **THOMAS L. CARROLL (Warden)** |

The Attorney General of the State of Delaware: Mr. Joseph R. Biden, III

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Delaware Superior Court, 500 King Street, Wilmington, Delaware 19801
   (b) Criminal docket or case number (if you know): #0101010946
2. (a) Date of the judgment of conviction (if you know): 2/13/2002
   (b) Date of sentence: 2/13/2002
3. Length of sentence: 40 years level V incarceration & 6 months of level II probation.
4. In this case, were you convicted on more than one count or more than one crime?   ☒ Yes  ☐ No
5. Identify all crimes of which you were convicted and sentence in this case:
   Murder 2nd degree & Possession of a Deadly Weapon during the Commission of a Felony.
6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty        ☐ (3) Nolo contender (no contest)
   ☒ (2) Guilty            ☐ (4) Insanity plea

~AO 241 (Rev.12/04)

Page 3

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
**Plead guilty to count's I-II, not guilty to count's III-X.**

    (c) If you went to trial, what kind of trial did you have? (Check one)
        ☒ Jury      ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    ☐ Yes      ☒ No

8. Did you appeal from the judgment of conviction?
    ☒ Yes      ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: **Del. Supreme Court, 55 The Green, Dover, DE 19901**

    (b) Docket or case number (if you know): **135, 2002**

    (c) Result:: **Affirmed**

    (d) Date of result (if you know): **5/8/2002**

    (e) Citation to the case (if you know): **(823 A.2d 491)**

    (f) Grounds raised: **Trial court abused its discretion by imposing the maximum sentence without the benefit of ordering a presentence investigation report prior to imposing sentence which was outside the guidelines recommended by the Sentencing Acoutablity Commission and that of SENTAC.**

    (g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No
If yes, answer the following:

        (1) Name of court: **N/A**

        (2) Docket or case number (if you know): **N/A**

        (3) Result: **N/A**

        (4) Date of result (if you know): **N/A**

-AO 241
(Rev.12/04)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Delaware Superior Court, 500 King Street, Wilm, DE 19801

(2) Docket or case number (if you know): #0101010946

(3) Date of filing (if you know): 5/7/2004

(4) Nature of the proceeding: Postconviction Motion

(5) Grounds raised: Grounds One, Two, Three, and Four dealt with violations of the petitioner's Sixth Amendment Right to have effective assistance of counsel, to be informed of all charges which petitioner would have to defend against, the violutariness of the acceptance of the plea while petitioner was in a questionable state of mind, given the fact that, the petitioner was medicated on (psychotropic medications), violations of the petitioner's Fifth and Fourteenth Amendment Rights of due process, when counsel failed to introduce favorable mitigation on behalf of the petitioner, prosecutions misconduct when the State advocated from an exceptional and extreme sentence, the closed mind of the trial judge given the fact that he used given testimony from the State's presentation only to determine what he seen as the appropriate sentence, and failing to inform the accused of the trial court's rational for an extreme sentence outside of what is normally recommended in cases similar in nature and culpability of the accused.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☒ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): 3/8/2005

~AO 241
(Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Delaware Supreme Court, 55 The Green, Dover, DE 19901

(2) Docket or case number (if you know): 124, 2005

(3) Date of filing (if you know): 4/1/2005

(4) Nature of the proceeding: Appeal

(5) Grounds raised: Ineffective assistance of counsel, trial court abuse of discretion by failing to conduct a competency hearing once the court became aware by the defense counsel that petitioner was medicated under the influence of (psychotropic medications), and trial court error as a matter of law in considering facts that establish a more severe crime and punishment than that to which the petitioner plead guilty.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Affirmed on ground I, grounds II-III were not considered by the Court as part of that appeal..

(8) Date of result (if you know): 1/17/2006

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Delaware Superior Court, 500 King Street, Wilm, DE 19801

(2) Docket or case number (if you know): # 0101010946

(3) Date of filing (if you know): 3/16/2006

(4) Nature of the proceeding: Motion in succession for Postconviction

(5) Grounds raised: Trial court abused its discretion by failing to conduct a competency hearing before the acceptance of the petitioner's guilty plea, upon being informed petitioner was in fact medicated, and trial court error as a matter of law in considering unproven facts that established a more severe crime and punishment then that to which the petitioner plead guilty.

~AO 241  
Rev.12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): 9/20/2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes   ☐ No
(2) Second petition:    ☒ Yes   ☐ No
(3) Third petition:     ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Appealed all decisions to the Delaware Supreme Court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Denial of effective assistance of counsel**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During critical stages of the petitioner's pre-trial, trial, plea colloquy, and sentencing, counsel committed errors that produced a failure to protect the petitioner's rights which amounted to ineffective assistance of counsel during critical stages of the proceedings, which denied the petitioner the right under constitutional provisions to have a fair trial as guaranteed and protected by the Untied States Constitution under the Fifth, Sixth, and the Fourteenth Amendment Rights. Counsel committed reversible errors by allowing the petitioner to enter into plea negotiations in a questionable mental state which was due to the petitioner being prescribed (psychotropic medications) which diminished the petitioner's ability to have a rational as well as a factual understanding of the procedures that he was involved in, and to have the mental state that is required by law to knowingly, voluntarily, and intelligently waive those rights.

(b) If you did not exhaust your state remedies on Ground One, explain why: Appealed all decisions to the Delaware Supreme Court.

-AO 241 (Rev.12/04)

Page 7

(c) **Direct Appeal of Ground One:**
(1) if you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes ☒ No
(2) if you did not raise this issue in your direct appeal, explain why: Not afforded the right to raise issue on direct appeal. Delaware law only allows claims other than ineffective assistance of counsel to be raised in direct appeals. The argument of ineffective assistance of counsel may only be presented in a postconviction motion in Delaware courts.

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No
(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Motion

Name and location of the court where the motion or petition was filed: Delaware Superior Court, 500 King Street, Wilmington, Delaware 19801

Docket or case number (if you know): #0101010946

Date of the court's decision: 3/8/2005

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal  ☒ Yes  ☐ No
(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court, 55 The Green, Dover Delaware 19903

Docket or case number (if you know): 124, 2005

Date of the court's decision: 1/17/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed complaint with the Office of Disciplinary Counsel, 820 N. French Street, Wilmington, Delaware 19801

**GROUND TWO: Denials of effective assistance of counsel, prosecution misconduct, unbalance sentencing, and closed mind of trial judge during sentencing.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner was denied effective assistance of counsel during trial and sentencing proceedings, which allowed the prosecution to advocate for a longer sentence and a higher degree of punishment, sentencing judge then closed minded to any mitigation such as the lack of a criminal history, the emotional state of the accused during the commission of the crime, and the victims participation in provoking the Petitioner, sentence the Petitioner to an exacerbated amount of time of incarceration.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Exhasted in Delaware Court system.

(c)    **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☒ No
(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Not afforded the right to raise issue on direct appeal. Delaware law only allows claims other than ineffective assistance of counsel to be raised in direct appeals. The argument of ineffective assistance of counsel may only be presented in a postconviction motion in Delaware courts.

(d)    **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No
(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Postconviction Motion

Name and location of the court where the motion or petition was filed: Delaware Superior Court, 500 King Street, Wilmington, Delaware 19801

Docket or case number (if you know): #0101010946

Date of the court's decision: 3/8/2005

--AO 241
(Rev 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available): Copy attached.

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition | ☒ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☒ Yes | ☐ No |

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 124, 2005

Date of the court's decision: 1/17/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)  **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Filed complaint with the Office of Disciplinary Counsel,
820 N. French Street, Wilmington, Delaware 19801

**GROUND THREE**: Trial court abused its Discretion

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial court abused its discretion by not affording and failing to conduct a competency hearing before accepting Petitioner's guilty plea, upon being informed from Defense Counsel that Petitioner was under medication (psychotropic drugs) and under questionable mental state and did not have the mental capacity to understand or have intelligent thought and which potentially impairs the ability to waive crucial constitutional rights.

~AO 241 (Rev. 12/04)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why? Exhasted in Delaware Court system.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) (f you did not raise this issue in your direct appeal, explain why: Counsel failed to present this claim on direct appeal. Counsel failed to communicate with petitioner, therefore, precluding the possibilities of this ground being fully adjudicated on its merits.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconvition Motion

Name and location of the court where the motion or petition was filed: Delaware Superior Court, 500 King Street, Wilmington, DE 19801

Docket or case number (if you know): #0101010946

Date of the court's decision: 9/20/2006

Result (attach a copy of the court's opinion or order, if available): Copy attached.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court, 55 The Green, Dover Delaware 19901

Docket or case number (if you know): 555, 2006

Date of the court's decision: 4/26/2007

Result (attach a copy of the court's opinion or order, if available): Copy attached.

~AO 241 (Rev. 12/04)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three: None

**GROUND FOUR:** Trial Court errored as a matter of law

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial court errored as a matter of law in considering facts that establish a more serious crime and punishment than that to which the petitioner plead guilty.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ground Four fully exhausted in the Delaware Court's system.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue   ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed to present this claim on direct appeal. Counsel failed to communicate with the petitioner, therefore precluding the possibilities of this ground being raised on direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Motion.

~AO 241 (Rev.12/04)                                                                                                    Page 12

    Name and location of the court where the motion or petition was filed: Delaware Superior Court,

    500 King Street, Wilmington

    Docket or case number (if you know): #0101010946

    Date of the court's decision: 9/20/2006

    Result (attach a copy of the court's opinion or order, if available): Copy attached.

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Delaware Supreme Court,

    55 The Green, Dover Delaware 19903

    Docket or case number (if you know): 555, 2006

    Date of the court's decision: 4/26/2007

    Result (attach a copy of the court's opinion or order, if available): Copy attached.

    (7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

    N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: None.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: All claims have been fully presented to the Delaware Supreme Court.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. Delaware Supreme Court, 55 The Green, Dover, DE 19901

    Case No. 555, 2006

    Type of motion: Appeal

    Ground One: Trial Court abused its discretion by failing to conduct a competency hearing before accepting petitioner's guilty plea, upon being informed from defense counsel that petitioner was medicated under psychotropic drugs which impairs the ability to understand and which inhibits the mental ability to waive crucial constitutional rights.

    Ground Two: Trial court errored as a matter of law in considering facts that establish a more serious crime punishment than that to which the petitioner plead guilty.

~AO 241 (Rev.12/04)  Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:      Edward C. Pankowski
                                        1211 King Street, Wilminton, DE 19801

    (b) At arraignment and plea:     Edward C. Pankowski & Kathryn Lunger
                                        1211 King Street, Wilminton, DE 19801

    (c) At trial:                        Edward C. Pankowski & Kathryn Lunger
                                        1211 King Street, Wilminton, DE 19801

    (d) At sentencing:              Edward C. Pankowski & Kathryn Lunger
                                        1211 King Street, Wilminton, DE 19801

    (e) On appeal:                  Edward C. Pankowski & Kathryn Lunger
                                        500 North King Street, Wilm, DE 19801

    (f) In any post-conviction proceeding:    Petitioner (Pro-se)
                                                       1181 Paddock Road, Smyrna, DE 19977

    (f) On appeal from any ruling against you in a post-conviction proceeding: Petitioner (Pro-se) 1181 Paddock Road, Smyrna, DE 19977

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
         ☐ Yes    ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petitioner's conviction and sentence became finalized on May 8, 2003, since then the petitioner has been diligently seeking post-conviction and other collateral review which stop the tolling to file under 28 § 2244 (D) (2) of the fedreral rules pertaining to the filing of a Habeas Corpus application.

~AO 241
(Rev.12/04)

---

\*   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev.12/04)

Page 16

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To have the petitioner's sentence and convictions corrected and or set aside and vacated under the grounds that the petitioner's conviction and sentence violates the Fifth, Sixth, and Fourteenth Amendment Rights of the United States Constitution and therefore violates the laws of the United States. To have in addition a hearing held before this Honorable Court so that the petitioner case can be fully reviewed in de novo and or any other relief to which petitioner may be entitled.

(Pro-se)
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on May 21, 2007 (month, date, year).

Executed (signed) on May 21, 2007 (date).


Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

Attached

[insert appropriate court]

*****

I/M: Steven W. Kratchick
SBI# 178856   UNIT D/E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570



* Legal Mail