IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN W. KRAFCHICK, | § | |
| Plaintiff/Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 07-284-GMS |
| | § | |
| | § | |
| Thomas Carroll, (Warden), | § | |
| And Joseph R. Biden, III, | § | |
| Attorney General of the State of Delaware, | § | |
| Defendants/Respondents. | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANTS**

Plaintiff/Petitioner, Steven W. Krafchick, respectfully request leave of this court to pursue discovery in accordance with the Federal Civil Procedures and Rules governing civil actions also in accordance with the rules governing the filing of a 28 § 2254 petition in accordance with Federal Civil Procedures and Rules pertaining to Habeas Corpus Proceedings Rule 6 (a).

Pursuant to Rules 26 and 37 of the Federal Civil Procedures and Rules (the Civil Rules"), Plaintiff, Steven W. Krafchick, (the "Plaintiff"), hereby propound to Defendant's Thomas Carroll, Joseph R. Biden, III, and/or their agents, (CMS) and/or their agents or affiliates of the State of Delaware, (hereinafter "Defendant's"), the following interrogatories (the "Interrogatories"), and request for production of documents (the "Document Request" and collectively with the interrogatories, the Discovery Request") to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

FILED
NOV -7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## DEFINITIONS

1. "Plaintiff," shall mean plaintiff/petitioner Steven W. Krafchick.

2. "Defendant," "you" or "your" shall mean Thomas Carroll, Joseph R. Biden, III, and/or their agents and affiliates of the State of Delaware.

3. "Complaint" shall mean the complaint filed in the above caption action (07-284-GMS) or as may have subsequently amended.

4. "DOC" shall mean Delaware Department of Corrections.

5. "DCC" shall mean Delaware Correctional Center.

6. "CMS" shall mean Correctional Medical Services.

7. "Agents" shall mean any interdepartmental agencies of the Defendant's in an official or nonofficial capacity.

## INSTRUCTIONS

1. Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Request, specify the privilege claim, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3. For any answer in which you claim the information sough is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

4. Unless otherwise specified, the Discovery Request seeks information and documents prepared on or after January 16, 2001.

5. These discovery Request shall be deemed to be continuing so as require supplemental responses and/or production in accordance with Rule 26 (e) (2) of the Federal Civil Procedures and Rules.

## INTERROGATORIES

**Interrogatory No. 1:** Question:    The District Attorneys Office has insisted that (no one) including the trial court should have had any questions about the competency or mental abilities of the plaintiff before or during trial or plea colloquy, and that neither trial counsel, the prosecutor, nor the trial judge had notice any untoward behavior from the plaintiff.

    a)    What factual material did the state have in it possession that it used in order to make a legal determination that the plaintiff was not affected by the medications he was on?

    b)    Were the psychiatrist that prepared reports for both the defense and the State called to perform a competency determination on the plaintiff?

    c)    The trial court stated that it was made aware of the issues surrounding the plaintiff's mental health issues, what evidence or documentation was given by your office to inform the judge of the plaintiff's mental health issues.

    d)    What untoward behavior was not displayed by the plaintiff to alert anyone that he may have had problems understanding the proceedings?

**Response:**

**Interrogatory No. 2:** Question:    The Plaintiff was under the care of a license psychiatrist who was employed by (CMS) medical provider of the (DOC) and prescribed psychotropic medications (Sinequan) and (Vistaril) for Major Depression and Anxiety Attacks, and it was noted in the plaintiff's medical record of the amounts and dates in which the afore mention medications were administered.

    a) What documentation did Dr. David Raskin the States psychiatric expert review when he interviewed the plaintiff before trial at the Gander Hill Prison?

    b) What documentation did the State review before trial and at the same time as the plaintiff was being held at the Gander Hill Prison about his mental health infirmities?

    c) After Dr. David Raskin reviewed the reports of Dr. Mandel Much and Dr. Carol Tavani of the defense for the plaintiff, did Dr. Raskin inform the State District Attorney's Office of the plaintiff being on medication?

**Response:**

**Interrogatory No. 3:** Question: The State insist that there was no need for the trial judge to *sue sponte* ordered a competency hearing upon learning that the plaintiff was under medication in the middle of a plea colloquy.

a) What supportive documentation does the State have that would eliminate the need of a competency hearing?

b) It was well documented that the plaintiff was seen by three psychiatrists before trial why did the State feel the need to concentrate on the plaintiff's psychological and mental health issue at trial if they were of no importance.

c) Who made the determination that there was no basis for the trial judge to have a *bono fide* doubt about the plaintiff's mental abilities?

**Response:**

**Interrogatory No. 4:** Question:    The State insist that the plaintiff did not appear before the trial judge as by magic but was in trial for several days and that there was no evidence that anyone should have had a question about the plaintiff's competency or mental abilities

    a)    Why was the plaintiff seen by so many licensed psychiatrists and who ordered those evaluations to take place?

    b)    Who reviewed the reports prepared by the psychiatrist?

    c)    How was those reports presented to the trial court?

**Response:**

**Interrogatory No. 5:** Question:   The State Prosecutors have insisted that this was not an isolated case of domestic violence and in turn it deserved a higher degree of punishment or an enhanced penalty as seen in both the transcripts of sentencing and seen in the Immediate Sentencing Form*.

    a)    What records does the State have to support their request that warranted an enhanced penalty?

    b)    What information did family members provide to the State that that plaintiff and victim had a past of domestic violence?

    c)    What formula did the sentencing court use to enhance the plaintiff's sentence that was outside the normal range of sentencing criteria?

    d)    Who in this State's legal authority decides that a particular case is not applicable to the laws of this State or the applicable laws therein?

**Response:**

**Interrogatory No. 6:** Question:   The State Superior Court had insisted that a (PSI) pre-sentencing investigation report was not a necessary or could offer little information about the case or the plaintiff.

      a)    Is the State's position the same as the superior court decision in this case not to order a (PSI)?

      b)    What information about the plaintiff or the victim was not needed by the State and why?

      c)    Was there enough information provided by all the psychiatrists to make a determination on the plaintiff's mindset on the day of the occurrence of this crime?

**Response:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**   The medical release that the plaintiff was not affected by the psychotropic medications.

**Response:**

**Request No. 2:**   The psychiatrist reports that determine the plaintiff's competency.

**Response:**

**Request No. 3:**   The medical records that the State supplied to inform the judge of the plaintiff's mental health issues.

**Response:**

**Request No. 4:**   The reports that the State used to determine the plaintiff did not displayed untoward behavior in the courtroom.

**Response:**

**Request No. 5:**   The documentation that Dr. David Riskin used to evaluate the plaintiff and to determine that no stressors were involved.

**Response:**

**Request No. 6:**   The documentation that the State has about the plaintiff's mental infirmities.

**Response:**

**Request No. 7:**   The document that Dr. Raskin provided to the State's District Attorneys Office to inform them that the plaintiff was on medication.

**Response:**

**Request No. 8:**   The documentation that the State has that eliminates the need for a Competency hearing.

**Response:**

**Request No. 9:**   The documentation that supports the domestic violence charge that was use to enhance the plaintiff's sentence.

**Response:**

**Request No. 10:**   Any other documents that support the State's contentions on the first set of the plaintiff's interrogatories.

**Response:**

## **CONCLUSION**

WHEREFORE, the plaintiff Steven W. Krafchick, prays that this Honorable Court will grant his motion for leave of the court and allow the plaintiff to pursue discovery in accordance with Rules 26 and 37 of the Federal (Civil) Procedures and Rules through his presentation of interrogatories against the defendants Thomas Carroll (Warden) and Joseph R. Bidin, III Attorney General of the State of Delaware and/or their agents in this action; and in accordance with the Federal Civil Procedures and Rules, and Rule 6 (a) in accordance with 28 § 2254 Habeas Corpus Proceedings.

Dated: November 5, 2007

Respectfully submitted,

Steven W. Krafchick (Plaintiff/Petitioner)
SBI# 00178856
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN W. KRAFCHICK,<br>Plaintiff/Petitioner,<br><br>v.<br><br>THOMAS L. CARROLL, (Warden),<br>And Joseph R. Biden, III,<br>Attorney General of the State of Delaware,<br>Defendants/Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-284-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____, 20___, THAT THE ATTACHED MOTION FOR LEAVE OF THE COURT AND DISCOVERY HAS BEEN READ AND CAREFULLY CONSIDERED. IT IS THE ORDER OF THIS COURT THAT THE AFOREMENTIONED MOTION FOR LEAVE IS HEREBY _____.

                                                                                         Granted/Denied

IT IS FURTHER ORDERED BY THIS COURT THAT THE DISCOVERY MOTION IS HEREBY _____.

        Granted/Denied

_____
Honorable Judge Gregory M. Sleets

## CERTIFICATE OF SERVICE

I, Steven W. Krafchick, hereby certify that I have served a true and correct copy (ies) of the attached **Motion for Discovery** pursuant to Habeas Corpus Rule 6 of the Federal Civil Procedures and Rules upon the following parties/person:

|  |  |
|---|---|
| To:   Office of the Clerk<br>United States District Court<br>844 N. King Street, Lockbox 18<br>Wilmington, Delaware 19801-3570 | To:   Elizabeth R. McFarlan<br>Deputy Attorney General<br>820 N. French Street<br>Wilmington, Delaware 19801<br>Del. Bar. ID No. 3759 |

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail located at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 5th day of the month November, 2007

*[signature]*
Steven W. Krafchick (Pro-se)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

IM: Steven W. Krafchick
SBI# 00178856      UNIT: V-Bldg.
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S
X-RAY

\* LEGAL MAIL

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

