IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STEVEN W. KRAFCHICK**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 07-284-GMS |
| **ELIZABETH BURRIS**, Acting Warden, and **JOSEPH R. BIDEN, III**, Attorney General of the State of Delaware, | : |
| Respondents.[1] | : |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In February 2001, a New Castle County grand jury indicted petitioner Steven Krafchick, charging him with first degree murder, two weapons offenses, and several related crimes, stemming from the January 15, 2001 stabbing of Dawn Krafchick, his wife. *State v. Krafchick*, 2005 WL 697940, *1 (Del. Super. Ct.). In the middle of trial in February 2002, Krafchick elected to plead guilty to second degree murder and possession of a deadly weapon during the commission of a felony. Superior Court sentenced Krafchick to 40 years imprisonment, 30 of which are mandatory. On direct appeal, the Delaware Supreme Court remanded the case to have

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris became Acting Warden of Delaware Correctional Center effective September 1, 2007, replacing former Warden Thomas Carroll, an original party to this case. To the extent that the petitioner is naming other defendants (*see* D.I. 29), 28 U.S.C. § 2254(a) limits the claims raised in a federal habeas petition of a state inmate to claims that he or she is in custody in violation of the Constitution or laws or treaties of the United States. The only defendants relevant to such claims are the warden of the facility in which the inmate is housed and the Attorney General of the State in which the inmate was convicted. To the extent that the petitioner attempts to add defendants in their individual capacity, any claims for damages against individuals must be raised in an action under 42 U.S.C. § 1983, not in an application for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

the trial judge explain the basis for the sentence he imposed. On return of the case from remand, the court affirmed Krafchick's convictions and sentence. *Krafchick v. State*, 2003 WL 21054791 (Del.).

In May 2004, Krafchick applied for state postconviction relief. After obtaining responses from trial counsel and prosecutors, Superior Court denied the motion. *State v. Krafchick*, 2005 WL 697940 (Del. Super. Ct.). That decision was affirmed on appeal. *Krafchick v. State*, 2006 WL 141044 (Del.). Krafchick again moved for postconviction relief in March 2006. Having obtained a response from prosecutors, Superior Court denied Krafchick's motion, holding that the claims were barred under Criminal Rule 61. On appeal, the Delaware Supreme Court found that although Krafchick's postconviction motion was timely, the claims were barred as repetitive and formerly adjudicated. *Krafchick v. State*, 2007 WL 2010840 (Del.). Krafchick's federal habeas petition is dated May 21, 2007. D.I. 2.

## Facts[2]

Steven Krafchick and his wife, Dawn Krafchick, were employed as servers at the Manor Family restaurant on DuPont Highway. Both were cocaine addicts and their marriage was on the rocks. On January 15, 2001, Dawn Krafchick was scheduled to begin work at 10:00 a.m. Steven Krafchick was not scheduled to work at this time. Nevertheless, the two arrived at the restaurant together at about 9:30 a.m., sat at a table in an unoccupied area of the restaurant, and began arguing. The argument soon got out of hand, and another waitress, Elizabeth Keffala, picked up the telephone to call the police. Steven Krafchick apparently saw this, got up from the table and walked toward Keffala and the restaurant manager with his hands in the air saying, "Okay, okay."

---

[2] The facts are taken from the State's Answering Brief in *Steven W. Krafchick v. State*, Del. Supr., No. 124, 2005.

At Keffala's suggestion, Dawn took a patron's breakfast order and went into the kitchen. The manager urged Steven Krafchick to leave, to go home and get some sleep. Instead, Krafchick walked into the kitchen. Concerned, Keffala followed and saw Krafchick struggling with his wife. Keffala told Krafchick to leave Dawn alone. Krafchick answered that she was on drugs, a charge that Dawn vehemently denied. Then, as Keffala watched in horror, Krafchick wrestled his wife to the ground, grabbed a knife and stabbed his wife in the chest. Keffala screamed.

Hearing the commotion, two patrons, James Morris and Brian Butcher, rushed into the kitchen while another waitress, Patricia Walters, called the police. When Morris entered the kitchen, he saw Krafchick on top of the victim, plunging the knife into her chest and twisting it with both hands, saying repeatedly, "You are going to die, bitch." Morris and Butcher together managed to pull Krafchick off the victim, disarming him, and held him until the police and paramedics arrived.

Dawn Krafchick's rescuers arrived too late, and she died of her wounds. According to the medical examiner, Dawn suffered a total of fifty-four knife wounds, thirty-nine of which were incised (longer than deep) and fifteen of which were stab wounds (deeper than long). The deepest stab wound to Dawn's chest was nine inches.

## Discussion

In his amended petition for a writ of habeas corpus and his supporting memorandum, Krafchick raises the following grounds for relief: (1) involuntary plea due to ineffective assistance of trial counsel in allowing the petitioner to enter into plea negotiations in a questionable mental state; (2) ineffective assistance of trial counsel for failure to request a competency hearing, a preliminary hearing, or a suppression hearing; (3) ineffective assistance of

trial counsel for failure to properly investigate and develop an affirmative defense of extreme emotional distress; (4) prosecutorial misconduct for advocating for a harsh sentence; (5) sentencing judge had a closed mind as evidenced by the judge's decision not to order a pre-sentence investigation or a competency hearing, and the judge's failure to consider mitigating evidence; and (6) the sentencing court relied on unproven crimes in determining the petitioner's sentence. D.I. 17 at 10.

### 1. Ineffective assistance of counsel regarding plea

Krafchick presented his claim of ineffective assistance of counsel resulting in an involuntary plea to the Delaware Supreme Court on appeal from the denial of his first state postconviction motion. *See* Op. Br. in *Krafchick v. State*, Del. Supr., No. 124, 2005. Thus Krafchick has exhausted this claim. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Nevertheless, his claim is unavailing.

Krafchick has failed to show that he is entitled to relief on the merits. Under 28 U.S.C. § 2254(d), a federal court can only issue a writ of habeas corpus if the state court decision being challenged was "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (citations and internal quotations omitted). A state court decision is an unreasonable application if the court identifies the correct governing legal rule based on Supreme Court precedent but unreasonably applies it to the facts of the particular case. *Id.* (citations omitted). Moreover,

factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).  *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000); *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny.  *See Wiggins v. Smith*, 539 U.S. 510 (2003).  In *Strickland*, the United States Supreme Court articulated a two-part test for evaluating an ineffective assistance of counsel claim. First, a petitioner must demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  In evaluating whether counsel performed reasonably, a court "must be highly deferential."  *Id*. at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation omitted).  Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. See *Strickland*, 466 U.S. at 687.  In order to demonstrate prejudice in the case of a guilty plea, the petitioner must show that but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty, but would have insisted on proceeding to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In this case, the Delaware state courts correctly identified the two-prong *Strickland/Hill* standard applicable to Krafchick's ineffectiveness claims.  *See State v. Krafchick*, 2005 WL 697940, *2 (Del. Super. Ct. Mar. 8, 2005) (Del. Super. Ct. Crim. Dkt. Item 77), *aff'd*,

2006 WL 141044 (Del. Jan. 17, 2006). Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406; *Jacobs*, 395 F.3d at 100.

Moreover, the state courts reasonably applied the rule to the specific facts of Krafchick's case. *See* 28 U.S.C. § 2254(d)(1). The trial court found that Krafchick's attorney "fully informed the Defendant of all negotiations with the state regarding the plea agreement and their implication." *Krafchick*, 2005 WL 697940 at *2. The court also noted that counsel had retained two psychological experts who had evaluated Krafchick's status approximately a year before trial, in addition to the expert retained by the State. *See* Appellant's Reply Appendix at 6, AA-1-AA-19 in *Krafchick v. State*, Del. Supr., No. 124, 2005. At the time of those evaluations, Krafchick was taking the same medications he was taking at the time of trial and the entry of his plea. Compare *id.* at AA-16 with D.I. 17 at 13. Neither of Krafchick's experts found him to be incompetent to stand trial. In its response to order of remand, the trial court made explicit mention of the psychiatric evaluations in justifying the acceptance of Krafchick's plea and the sentence imposed. *See Response to Order of Remand*, Appellant's Appendix at A9-18 in *Krafchick v. State*, Del. Supr. Ct., No. 124, 2005. The record simply does not support Krafchick's complaint about his counsel. Krafchick, who had the benefit of viewing the entire State's case-in-chief before entering his plea, and who sat through the trial without any indication that he could not understand the proceedings, could hardly then claim that his counsel was ineffective in allowing him to plead guilty without a competency hearing. Thus, the state courts in applying the *Strickland* test to Krafchick's claim of ineffective assistance of counsel, correctly determined that Krafchick had failed to demonstrate either deficient performance of trial counsel or actual prejudice.

## 2. Ineffective assistance of counsel pre-trial

In his second claim of ineffective assistance of counsel, Krafchick complains that his counsel failed to request a preliminary hearing, failed to file a suppression motion, and failed to request a competency hearing pre-trial. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993). These specific complaints of ineffective assistance, however, were not presented to the state courts either on appeal from his conviction or in his postconviction motions and related appeals. Thus, these claims are unexhausted.

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Krafchick is excused from the exhaustion requirement as to his claims regarding the pre-trial actions or inactions of his counsel. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160. If Krafchick now tried to raise his claims in state court in a third postconviction motion, the claims would be barred under

Superior Court Criminal Rule 61(i)(2) because Krafchick failed to present the claims in his earlier postconviction motions or on appeal from the decisions denying his two postconviction motions. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 511-13 (D. Del. 2003). Thus, because there is no available state remedy, Krafchick is excused from the exhaustion requirement as to these claims. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997).

Although deemed exhausted, the claims are still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Federal habeas review of Krafchick's pre-trial ineffective assistance of counsel claims is thus barred unless Krafchick establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson*, 988 F. Supp. at 804-05; *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Krafchick has not alleged cause for his failure to present these claims in his *pro se* state postconviction motions and the appeals therefrom, and the claims can be dismissed on that basis

alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 501. In the absence of cause, this Court is not required to address the issue of prejudice. *McLaughlin*, 270 F. Supp 2d at 513. Moreover, the miscarriage of justice exception does not apply because Krafchick has not alleged any facts to establish his actual innocence. *See Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.").

In any case, the claims are entirely without merit. The record reveals that after his arrest on January 16, 2001, Krafchick had a preliminary hearing on January 25, 2001 in the Court of Common Pleas, at which probable cause for his charges was determined and he was bound over to Superior Court. Krafchick was subsequently indicted by a grand jury on February 26, 2001. Further, Krafchick has failed to state what evidence should have been suppressed. Witnesses watched Krafchick stab his wife repeatedly, and the murder weapon was left in her chest. Krafchick was arrested at the scene. Finally, Krafchick was evaluated by several psychologists before trial. There was no indication that Krafchick was not competent to stand trial, and Krafchick has failed to establish otherwise. Because Krafchick cannot establish either cause or prejudice, his claims that his counsel's pre-trial performance was professionally deficient must be dismissed.

**3. Ineffective assistance of trial counsel regarding affirmative defense of extreme emotional distress**

In his third claim of ineffective assistance of counsel, Krafchick contends that his counsel was deficient in investigating and developing an affirmative defense of extreme emotional distress ("EED"). Krafchick presented this claim to the state courts in his first postconviction

9

motion, but failed to present the claim to the state supreme court on appeal. If, however, Krafchick attempted to raise this claim in a third postconviction motion, the claim would be barred by Superior Court Criminal Rule 61(i)(4) as formerly adjudicated. *See McLaughlin*, F. Supp. 2d at 512. Thus, Krafchick is excused from the exhaustion requirement as to his claim of ineffective assistance of counsel for failure to investigate and develop an EED defense, but the claim is procedurally defaulted. *See Teague*, 489 U.S. at 297-98; *Lines*, 208 F.3d at 160. Consequently, Krafchick must establish cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell*, 953 F.2d at 861-62; *Dawson*, 988 F. Supp. at 804-05; *Johnson*, 783 F. Supp. at 218-21. Krafchick failed to allege cause for his procedural default in state court, and his claim can be dismissed on that basis alone. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501.

   Moreover, Krafchick cannot demonstrate prejudice. Krafchick pled guilty before the defense case was presented to the jury. As noted by Krafchick's trial counsel, the defense strategy "was to get as much testimony on the issue of extreme emotional distress through the state's witnesses, then proceed with the Defendant, defense witnesses, and the two medical experts. All this was not needed by the Defendant's guilty plea in the middle of trial." *Affidavit of Defense Counsel*, Del. Super. Ct. Dkt. Item 65 at 6. Defense counsel, in addition to the two medical experts, had Chuck Thompson, the man with whom Krafchick believed his wife was having an affair, under subpoena. *Id.* The record thus clearly shows that Krafchick's counsel had prepared an EED defense, but they were simply unable to present the defense because Krafchick elected to plead guilty in the middle of trial. Thus, Krafchick has failed to demonstrate either cause or prejudice from his procedural default of his claim in the state courts, and his claim must be dismissed.

**(4) Prosecutorial misconduct & (6) Reliance on impermissible factors at sentencing**

Krafchick, in his fourth and sixth grounds for relief, asserts that prosecutors improperly used "non-proven crimes" to argue for enhanced sentencing, and that the judge then improperly relied on those unproven offenses to enhance Krafchick's sentence. D.I. 17 at 10, 25. Krafchick contends that the prosecutor's remarks at sentencing and the judge's reliance on those "non-proven crimes" violated the holding of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), by presenting the sentencing judge with a fact not presented to the jury. D.I. 17 at 25. Krafchick presented his *Apprendi* claim to the state courts in his first postconviction motion in the guise of an ineffective assistance of counsel claim (*see Krafchick*, 205 WL 697940 at *4), and on appeal from the Superior Court's denial of that motion. See Op. Br. at 22-28, in *Krafchick v. State*, Del. Supr. No. 124, 2005. That claim, however, was not presented as a claim of prosecutorial misconduct. *See id.* Krafchick also raised the *Apprendi* claim in his second postconviction motion (Super. Ct. Crim. Dkt. Item 69) and on appeal from the denial of that motion. *See* Op. Br. at 26-34, in *Krafchick v. State*, Del. Supr. No. 555, 2006. Once again, that claim was not presented as a claim of prosecutorial misconduct. *See id.* If, however, Krafchick attempted to raise this claim in a third postconviction motion, the claim would be barred by Superior Court Criminal Rule 61(i)(2) for failure to have raised the claim in his earlier postconviction motions, and under Rule 61(i)(3) for failure to have raised the claims in the proceedings leading to the judgment of conviction. *See McLaughlin*, 270 F. Supp. 2d at 512-13. Thus, Krafchick is excused from the exhaustion requirement as to his claim of prosecutorial misconduct, but the claim is procedurally defaulted. *See Teague*, 489 U.S. at 297-98; *Lines*, 208 F.3d at 160. Consequently, Krafchick must establish cause for his procedural default in the state courts and

actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell*, 953 F.2d at 861-62; *Dawson*, 988 F. Supp. at 804-05; *Johnson*, 783 F. Supp. at 218-21. Krafchick failed to allege cause for his procedural default in state court, and his claim can be dismissed on that basis alone. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501.

To the extent that Krafchick's claim can be interpreted as a straight forward *Apprendi* claim, that claim was procedurally defaulted in state court. *See Krafchick*, 2007 WL 2010840, *1. Krafchick presented his *Apprendi* claim to the state courts in his second postconviction motion and on appeal from the denial of that motion. *See* Op. Br. at 26-34, *Krafchick v. State*, Del. Supr. Ct., No. 555, 2006. After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Although Krafchick presented his *Apprendi* claim to the state supreme court on appeal from the denial of his second postconviction motion, Krafchick did not comply with state procedural requirements as to these claim. Krafchick's claim was found to be repetitive and formerly adjudicated. *See State v. Krafchick*, ID No. 0101010946, letter order at 4-6 (Del. Super. Ct. Sept. 20, 2006) (attached to State's Motion to Affirm in *Krafchick v. State*, Del. Supr. Ct., No. 555, 2006, at B10-15), *aff'd*, *Krafchick v. State*, 2007 WL 2010840 (Del.). Thus, federal habeas review of Krafchick's *Apprendi* claim is barred unless Krafchick establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51. Krafchick has failed to allege cause for his failure to raise this issue either at sentencing, on direct appeal or in his first postconviction motion. Consequently, this court need not consider the claim. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501.

### 5. Sentencing judge's closed mind

In Krafchick's fifth ground for relief, he asserts that the sentencing judge had a closed mind as evidenced by the judge's refusal to order a pre-sentence investigation prior to sentencing. D.I. 17 at 27. Krafchick, however, did not fairly present the claim to the Delaware Supreme Court on direct appeal; and although he presented the claim on appeal from the denial of his first postconviction motion, the court declined to consider the claim because it had not been presented to the trial court in the first instance. *See Krafchick*, 2006 WL 141044 at *1 & n.1. Under Delaware Supreme Court Rule 8, only claims that have been fairly presented to the trial court may be presented for review, unless required in the interests of justice. Because Krafchick raised this claim for the first time on appeal from his first postconviction motion, he failed to comply with the relevant state procedural requirements. Thus, federal habeas review of Krafchick's claim is barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51. Krafchick has failed to allege cause for his failure to raise this issue either at sentencing, on direct appeal, or in his first postconviction motion. Consequently, this court need not consider the claim. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501.

In any case, Krafchick cannot demonstrate prejudice. The sentencing judge had read the reports of both defense psychological experts "which outlined a fair amount of [Krafchick's] social and educational history." D.I. 18 at 1, A-2. The judge had also presided over the prosecution's case at trial. As the trial judge noted "I'm not sure what else a presentence investigation would add that I don't already know." D.I. 18 at 1, A-3. Further, the judge added, "Obviously, if there's anything that the defense wants to add to the record at this point, they

should feel free to do so." *Id.* Krafchick's mother was allowed to speak to the court before sentencing. *See id.* at 1, A-4. Then defense counsel spoke at length before Krafchick addressed the court himself. *Id.* at 1, A-5-6. In light of the extensive information available to the sentencing judge, Krafchick's claim that the judge had a closed mind because he failed to order a pre-sentence investigation is hardly credible. Further, the court's response to order of remand clearly demonstrates that the trial judge considered the mitigation evidence presented by defense counsel. The judge specifically noted Krafchick's expression of remorse, his mental state, and the effect the sentence would have on his children. *See Response to Order of Remand* at 5-6, 9, Appellant's Appendix in *Krafchick v. State*, Del. Supr., No. 124, 2005. Because there is no record basis for Krafchick's claim that the judge sentenced him with a closed mind, Krafchicck cannot demonstrate prejudice from his failure to have the state courts consider his claim.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Krafchick's 2002 jury trial, plea colloquy and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. The affidavit of Edward C. Pankowski, Esq. and Kathryn B. Lunger, Esq., Krafchick's trial attorneys, was prepared pursuant to Superior Court Criminal Rule 61(g)(2). Super. Ct. Dkt. Item 65.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

|  |  |
|---|---|
| | /s/ Elizabeth R. McFarlan |
| | Deputy Attorney General |
| | Department of Justice |
| | 820 N. French Street |
| | Wilmington, DE 19801 |
| | (302) 577-8500 |
| | Del. Bar. ID No. 3759 |
| Date:  December 6, 2007 | elizabeth.mcfarlan@state.de.us |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on December 6, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Steven W. Krafchick
No. 00178856
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us