IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN W. KRAFCHICK,        )
                            )
    Petitioner,            )
                            )
v.                          )   Civil Action No. 07-284-GMS
                            )
PERRY PHELPS, Warden,       )
and JOSEPH R. BIDEN III,    )
Attorney General of the State of )
Delaware,                   )
                            )
    Respondents.[1]        )

ORDER

At Wilmington this 14th day of April, 2008;

IT IS ORDERED that:

Petitioner Steven W. Krafchick's motion for the appointment of counsel is **DENIED** without prejudice to renew. (D.I. 31)

Petitioners do not have an automatic constitutional or statutory right to representation in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal

---

[1] Warden Perry Phelps assumed office in January 2008, replacing warden Thomas Carroll, an original party to this proceeding. *See* Fed. R. Civ. P. 25(d)(1).

issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Krafchick requests the appointment of counsel because he is unable to afford an attorney, he is unskilled in the law, and the matters raised in his petition are complex. After reviewing Krafchick's motion and the documents filed in the instant proceeding, the court concludes that the case is not so factually or legally complex at this juncture that it requires the appointment of counsel. Krafchick's claims appear to be fairly "straightforward and capable of resolution on the record," and Krafchick appears to have a sufficient understanding of these issues to coherently present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR 1 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE