IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN W. KRAFCHICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-284-GMS |
| | ) | |
| PERRY PHELPS, Warden,[1] and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Steven W. Krafchick. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**MEMORANDUM OPINION**

August 10, 2010
Wilmington, Delaware

---

[1] Warden Perry Phelps replaced former Warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

Sleet, Chief Judge

Pending before the court is an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Steven W. Krafchick ("Krafchick"). (D.I. 16.) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Krafchick and his wife, Dawn, were employed as servers at a restaurant in Wilmington, Delaware. Both were cocaine addicts and their marriage was on the rocks. On January 15, 2001, Dawn was scheduled to begin work at 10:00 a.m. Krafchick was not scheduled to work at this time. Nevertheless, the two arrived at the restaurant together at about 9:30 a.m., sat at a table in an unoccupied area of the restaurant, and began arguing. The argument soon got out of hand, and another waitress, Elizabeth, picked up the telephone to call the police. Krafchick apparently saw this, got up from the table, and walked toward Elizabeth and the restaurant manager with his hands in the air saying, "Okay, okay." (D.I. 35, at p. 2.)

At Elizabeth's suggestion, Dawn took a customer's breakfast order and went into the kitchen. The manager urged Krafchick to leave, to go home and get some sleep. Instead, Krafchick walked into the kitchen. Concerned, Elizabeth followed and saw Krafchick struggling with his wife. Elizabeth told Krafchick to leave Dawn alone. Then, as Elizabeth watched in horror, Krafchick wrestled his wife to the ground, grabbed a knife, and stabbed his wife in the chest. Elizabeth screamed. *Id.* at p. 3.

Hearing the commotion, two customers rushed into the kitchen while another waitress, Patricia, called the police. One of the customers saw Krafchick on top of the victim, plunging the knife into her chest and twisting it with both hands, saying repeatedly, "You are going to die,

1

bitch." The two customers together managed to pull Krafchick off the victim, disarmed him, and held him until the police and paramedics arrived. *Id.*

Dawn's rescuers arrived too late, and she died from her wounds. According to the medical examiner, Dawn suffered a total of fifty-four knife wounds, thirty-nine of which were incised and fifteen of which were stab wounds. The deepest stab wound to Dawn's chest was nine inches. *Id.*

A New Castle County grand jury indicted Krafchick in February 2001, charging him with first degree murder, two weapons offenses, and several related crimes. *State v. Krafchick*, 2005 WL 697940, at *1 (Del. Super. Ct. Mar. 8, 2005). In the middle of his trial in February 2002, Krafchick elected to plead guilty to second degree murder and possession of a deadly weapon during the commission of a felony. After accepting his guilty plea, the Superior Court immediately sentenced Krafchick to forty years imprisonment, thirty of which are mandatory. On direct appeal, the Delaware Supreme Court remanded the case to have the trial judge explain the basis for the sentence he imposed. Upon return of the case from remand, the Delaware Supreme Court affirmed Krafchick's convictions and sentences. *Krafchick v. State*, 893 A.2d 491 (Table), 2003 WL 21054791 (Del. May 8, 2001).

In May 2004, Krafchick filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that judgment. *Krafchick,* 2005 WL 697940; *Krafchick v. State*, 892 A.2d 1084 (Table), 2007 WL 2010840 (Del. 2007). Krafchick filed a second Rule 61 motion in March 2006, which the Superior Court denied as time-barred. On post-conviction appeal, the Delaware Supreme Court determined that the second Rule 61 motion

2

was not time-barred, but affirmed the Superior Court's denial of the motion because the claims asserted therein were barred by Rules 61(i)(2) and (4) as repetitive and formerly adjudicated. *Krafchick v. State*, 929 A.2d 784 (Table), 2007 WL 141044 (Del. Jan. 17, 2006, rearg. den. Jan. 31, 2006).

Krafchick timely filed his federal habeas petition, and then filed two amended petitions. (D.I. 2; D.I. 7; D.I. 16.) The State filed an answer, arguing that the amended petition should be dismissed. (D.I. 35.)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b);

3

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(internal citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane*, 489 U.S.

4

288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines*, 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F.3d 506, 522-24

5

(3d Cir. 2002).

### C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

### III. DISCUSSION

Krafchick's petition asserts the following six claims for relief: (1) defense counsel

6

provided ineffective assistance by permitting Krafchick to enter into plea negotiations while medicated and confused; (2) defense counsel provided ineffective assistance by failing to request a competency hearing, a preliminary hearing, or a suppression hearing; (3) defense counsel provided ineffective assistance by failing to properly investigate and develop the affirmative defense of extreme emotional distress; (4) the prosecutor engaged in misconduct by advocating for a harsh sentence based on non-proven crimes that were not presented to the jury or established by the plea agreement; (5) the sentencing judge had a closed mind, as demonstrated by the judge's decision not to order a pre-sentence investigation or competency hearing, and the judge's failure to consider mitigating evidence; and (6) the sentencing court improperly relied on non-proven crimes in determining his sentence.

### A. Claim one: ineffective assistance of counsel during the plea negotiations

In claim one, Krafchick contends that defense counsel provided ineffective assistance by permitting him to enter plea negotiations and the plea agreement while he was taking medication for depression and suffering from confusion, thereby rendering his guilty plea involuntary and unknowing. Although Krafchick did not present this ineffective assistance/"confusion due to medication" claim to the Superior Court in his first Rule 61 motion, he did present the substance of this argument to the Delaware Supreme Court in his first post-conviction appeal. The Delaware Supreme Court rejected all of the ineffective assistance of counsel claims raised by Krafchick during his post-conviction appeal on the basis of the Superior Court's reasoned decision. Therefore, the court can only grant habeas relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal

law.[2] *See* 28 U.S.C. § 2254(d)(1).

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding

---

[2] After viewing the Delaware Supreme Court's statement within the framework provided by recent Third Circuit precedent, the court will exercise prudence and treat the Delaware Supreme Court's decision as an adjudication of Krafichick's first ineffective assistance of counsel claim. *See, e.g., Campbell v. Burris*, 515 F.3d 172, 185-86 (3d Cir. 2008)(where, with respect to an ineffective assistance of counsel claim, the Third Circuit Court of Appeals concluded, "arguendo," that the Delaware Supreme Court's summary statement regarding the petitioner's failure to present evidence of any prejudice resulting from counsel's alleged error constituted an adjudication for the purposes of § 2254(d)(1).).

and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Superior Court denied Krafchick's first ineffective assistance of counsel claim after analyzing it within the *Strickland* framework. The Delaware Supreme Court affirmed that decision "on the basis of and for the reasons set forth in [the Superior Court's] decision." *Krafchick*, 2006 WL 141044, at *1. Thus, the Delaware Supreme Court's affirmance of the Superior Court's denial was not contrary to clearly established Federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine if the Delaware Supreme Court's affirmance of the Superior Court's decision constituted an unreasonable application of the *Strickland/Hill* standard. In this case, while not specifically presented with Krafchick's "confusion caused by medication" argument, the Superior Court rejected as factually baseless Krafchick's assertion that he was confused and coerced by counsel to enter the plea agreement, because Krafchick had not exactly explained "how and/or why he was confused." *Krafchick*, ID. No. 0101010946, Opinion & Order, at p. 9. Given Krafchick's failure to offer evidence invalidating the statements he made to the trial judge during his plea colloquy, the Superior Court then held that Krafchick was bound by the assertions he made regarding the voluntary and knowing nature of his guilty plea during the plea colloquy. Based on that finding, the Superior Court concluded that defense counsel "acted reasonably under the circumstances and that the result would not have been different if counsels' performance was deemed to have been somehow deficient." *Id.* Therefore, the

9

Superior Court denied the instant claim. *Id.*

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The transcript of the February 13, 2002 plea colloquy contains Krafchick's clear and explicit statements that nobody forced him to plead guilty, and that he was entering the plea agreement of his own free will. (D.I. 18.) Krafchick also stated that he had discussed his case with his lawyer, that he was satisfied with his counsel's representation, and that he did not have any questions for the trial court. *Id.* In turn, the Truth-In-Sentencing Guilty Plea Form signed by Krafchick indicates that he knowingly and voluntarily entered into his plea agreement. (D.I. 37, at A-19.) Based on this record, the court concludes that the Delaware Supreme Court reasonably applied *Blackledge* in affirming the Superior Court's holding that Krafchick was bound by the representations he made during his plea colloquy.

In reaching this conclusion, the court has considered, and rejected, Krafchick's assertion that the plea agreement was involuntary because he entered it under pressure and while he was in a "questionable state of mind" due to the fact that he was taking medication for his depression. With respect to Krafchick's assertions of pressure, the Rule 61 affidavit filed by Krafchick's two defense attorneys explains that Krafchick asked them to approach the State about a plea offer, and that they had sought a plea offer for approximately six months prior to Krafchick's trial, but that none was forthcoming from the State. The State extended a plea offer on February 12, 2002, after Krafchick's criminal trial was underway. Krafchick considered the plea agreement with family and counsel, and then signed the plea agreement the next day. (D.I. 37, Affidavit of Defense Counsel in Response to Rule 61 Motion, *State v. Krafchick*, Cr. No. 01012351, at pp. 2-

5.) The fact that Krafchick either initiated or agreed with defense counsels' earlier pursuit of a plea offer, and that he discussed the plea agreement with both counsel and family, belies his assertion that he was pressured to enter the agreement with little time for consideration.

As for Krafchick's contention that he did not voluntarily and knowingly enter his guilty plea because he was confused as a result of his taking prescribed medication for depression, the court finds that Krafchick has failed to provide support for his assertion that the medication rendered him confused at the time in question. Although the two psychological reports written by two mental health experts mention that Krafchick was prescribed medication to treat his ongoing depression during his incarceration, neither report can be viewed as supporting his claim of confusion during the plea process. First, the reports were written in September and December of 2001, well before the time of his plea colloquy in February 2002. Second, while the September 2001 report mentions confusion on Krafchick's part, that confusion was described as being consistent "with individuals suffering from depression," not as being caused by the prescribed medication. (D.I.18, Mandell J. Much, Psycho-forensic Evaluation, at p. 3.) Additionally, the record reflects that the trial judge read the September 2001 report prior to the plea colloquy, demonstrating that the judge was aware of the issues surrounding Krafchick's mental health when reaching the conclusion that Krafchick's guilty plea was voluntary and knowing. (D.I.18, at A-2.) For all of these reasons, the court concludes that Krafchick has failed to rebut the presumption of verity attaching to the statements he made during his plea colloquy.

Given this determination, Krafchick cannot satisfy the prejudice prong of the *Strickland/Hill* standard, because he has failed to demonstrate that he would not have pled guilty but for counsels' failure to raise the issue of his alleged confusion. Therefore, the court

11

concludes that the Delaware Supreme Court reasonably applied clearly established Federal law in denying the instant argument. Accordingly, claim one does not warrant federal habeas relief.

### B. Claims two and three: ineffective assistance of counsel during pre-trial stages and for failing develop an affirmative defense of extreme emotional distress

In claim two, Krafchick contends that counsel failed to request a preliminary hearing, failed to file a suppression motion, and failed to request a competency hearing pre-trial. In claim three, he contends that counsel should have investigated and raised the affirmative defense of extreme emotional distress. Krafchick did not present claim two in his two Rule 61 motions or post-conviction appeals. Although Krafchick presented claim three in his first Rule 61 motion, he did not present it to the Delaware Supreme Court on post-conviction appeal, nor did he present it to the Delaware state courts in his second Rule 61 proceeding.[3] *See Krafchick v. State*, 2005 WL 2397274 (Appellant's Op. Br.); (D.I. 37, Motion for Postconviction Relief filed Mar. 16, 2006). At this juncture, any attempt by Krafchick to assert claim two in a new Rule 61 proceeding would be barred by Rule 61(i)(2) as repetitive, and any attempt to present claim three would be barred by Rule 61(i)(4) as formerly adjudicated. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding); *White v. Carroll*, 416 F. Supp. 2d 270, 281 (D. Del. 2006)( Rule 61(i)(4) bars the presentation of a claim in a new Rule 61 motion when that claim was raised in a prior Rule 61

---

[3] Krafchick presented two grounds for relief in his second Rule 61 motion. Claim one asserted that the trial court abused its discretion by failing to conduct a competency hearing before accepting his guilty plea, because the trial court was aware of the fact that Krafchick was under the influence of medications. Claim two asserted that the trial court violated his constitutional rights during the sentencing proceeding by considering offenses linked to domestic violence. (D.I. 18, at B10-B15, *State v. Krafchick*, ID NO. 0101010946, Letter Order (Del. Super. Ct. Sept. 20, 2006))

12

motion.). Consequently, the court must treat the claims as exhausted but procedurally defaulted, thereby precluding habeas review on the merits absent a showing of cause and prejudice.

In this proceeding, Krafchick has not asserted, and the court cannot discern, any cause for his default of the two claims.[4] Given Krafchick's failure to establish cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse Krafchick's default because he has not provided any new reliable evidence of his actual innocence. Accordingly, the court will dismiss claims two and three as procedurally barred.

### C. Claims four and six: prosecutorial misconduct at sentencing for committing *Apprendi* error

In claims four and six, Krafchick contends that prosecutors improperly used "non-proven crimes" to argue for enhanced sentencing. According to Krafchick, the prosecutor's remarks presented the sentencing judge with a fact that was not established by his plea agreement, and therefore, the sentencing judge violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by enhancing his sentence based on those non-proven crimes. The record reveals that Krafchick did not present this *Apprendi* argument as a prosecutorial misconduct claim to the Delaware Supreme Court on direct appeal or in either of his two post-conviction appeals. At this juncture, Delaware Superior Court Criminal Rules 61(i)(2) and (3) would bar Krafchick from presenting the instant argument in a new Rule 61 motion. *See Lawrie v. Snyder*, 9 F. Supp. 2d

---

[4]Rather than assert cause, Krafchick contends that he did, in fact, assert the instant pre-trial errors of defense counsel in his first Rule 61 motion. (D.I. 47, at p.6) The record belies this statement; Krafchick's first Rule 61 motion does not mention counsel's alleged failure to request a preliminary hearing or pre-trial competency hearing, nor does it mention counsel's failure to file a suppression motion. (D.I. 37, Motion for Postconviction Relief, time stamped May 7, 2004.); (D.I. 48, at p.30.)

428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding); *Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3) would bar the Superior Court from considering the claim because Petitioner did not raise the claim in the proceedings leading to his conviction). As a result, the court must treat the argument as exhausted but procedurally defaulted, thereby precluding further review of the argument on the merits absent a showing of cause and prejudice.

Krafchick does not assert any cause for his failure to present his *Apprendi* argument as one of prosecutorial misconduct to the Delaware State Courts. Given this failure, the court need not address the issue of prejudice. Moreover, the court concludes that further review of the claim is not warranted to prevent a miscarriage of justice, because Krafchick has not provided new reliable evidence of his actual innocence. Accordingly, the court will deny claim four in its entirety and claim six to the extent it asserts prosecutorial misconduct.

### D. Claims five and six: Superior Court's sentencing errors

In his fifth claim, Krafchick argues that the sentencing judge had a closed mind because he refused to order a pre-sentence investigation prior to sentencing. In his sixth claim, Krafchick appears to assert a straight-forward *Apprendi* claim by alleging that the trial court erred by enhancing Krafchick's sentence on the basis of unproven crimes. Once again, however, the court concludes that it is procedurally barred from reviewing the instant arguments on their merits. Although Krafchick presented claim five and the independent *Apprendi* argument asserted in claim six to the Delaware Supreme Court in his first post-conviction appeal, the Delaware Supreme Court applied Delaware Supreme Court Rule 8 and refused to consider the arguments due to Krafchick's failure to present them to the Superior Court in his Rule 61 motion.

*Krafchick*, 2006 WL 141044. By applying the procedural bar of Rule 8, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review. *See Campbell v. Burris*, 515 F.3d 172, 182 (3d Cir. 2008). Therefore, the court cannot review the merits of the instant claims absent a showing of cause and prejudice, or a miscarriage of justice.

Krafchick does not assert any cause for his failure to present claim five and the *Apprendi* argument contained in claim six to the Delaware state courts in the proper procedural manner, and he has not demonstrated that his procedural default should be excused to prevent a miscarriage of justice. Therefore, the court will dismiss claims five and six as procedurally barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Krafchick's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Krafchick's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN W. KRAFCHICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-284-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Steven W. Krafchick's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 16.)

2. The court declines to issue a certificate of appealability due to Krafchick's failure to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: August 10, 2010

CHIEF UNITED STATES DISTRICT JUDGE